| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| JOHN OLIVER MANNING, | § |
| | § |
| Movant, | § |
| | § |
| versus | § CIVIL ACTION NO. 1:14-CV-342 |
| | § |
| UNITED STATES OF AMERICA, | § |
| | § |
| Respondent. | § |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant, John Oliver Manning, a federal prisoner currently confined at USP Levenworth, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion to vacate, set aside, or correct sentence be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Movant filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court find's movant's objections are without merit.

Movant first objects to the Magistrate Judge's findings relating to his claim of ineffective assistance of counsel concerning the alleged perjured testimony of Jessica McCafferty. Movant argues the Magistrate Judge erred in finding there was no ineffective assistance of counsel as the

Government knew the information was false before it was solicited, McCafferty "admitted" the information was false on cross-examination, and the information was material. Objections, pg. 2 (docket entry no. 27).[1] Assuming, without finding, the testimony was false and material, movant has not provided any evidence or witnesses to support a conclusion that the Government knew the testimony was false. His claims of prosecutorial misconduct are merely conclusory. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"). Under these circumstances, movant cannot meet his burden of showing that his counsel's performance fell below an objective standard of reasonableness and somehow prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). Movant is not entitled to relief on this claim.

Movant next objects to the findings of the Magistrate Judge as it relates to his ineffective assistance of counsel claim concerning the rejection of the plea offer in this case. Movant argues his trial counsel was ineffective when he advised movant to "go to trial instead of accepting a plea that would have insured [sic] a lesser sentence." Original Petition, pg. 4 (docket entry no. 1). As outlined by the Magistrate Judge, movant now acknowledges that he, in fact, rejected the initial plea offer and advised defense counsel to go back and negotiate a better deal. Specifically, movant asked trial counsel to convey his counter offer to the Government to consider a plea to count 4 if the Government would forgo any enhancements, a counter offer which was ultimately rejected. Movant's allegation of ineffective assistance of counsel as to the plea offer continue to evolve,

---

[1] Movant makes no specific reference to the record or trial transcript concerning this testimony.

undermining his claim.[2] The court is not required to give credence to such bald, inconsistent allegations or sworn declarations. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (explaining that, to avoid summary dismissal and obtain a hearing, however, the petitioner must allege a non-frivolous prejudice claim under *Strickland* and its progeny"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (explaining that, while "*pro se* habeas petitions must be construed liberally, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). That movant now feels some remorse at letting this opportunity slip away does not mean his defense attorney was ineffective. A defendant possesses the "ultimate authority" to determine his plea. *See Burt v. Titlow*, 134 S.Ct. 10, 17 (2013) (citing *Florida v. Nixon* 543 U.S. 175, 187 (2004)). Furthermore, movant has failed to show that "but for the alleged ineffective advise of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e. that the defendant would have accepted the plea and the

---

[2] In his original petition, movant argues "[c]ounsel provided ineffective assistance at the plea negotiation phase of the criminal proceedings by advising the Movant to go to trial instead of accepting a plea that would have insured [sic] a lesser sentence." Petition, pg. 4 (docket entry no. 1); Memorandum and Brief in Support, pgs. 8-9 (docket entry no. 2). In movant's reply to the Government's response, movant acknowledges that trial counsel discussed the plea offer with him, advising movant that the Government was going to seek a career criminal enhancement that would guarantee a "15-20 year sentence" when pleading to count 2 of the indictment. Reply, pg. 4 (docket entry no. 8). In addition, movant states that counsel advised him that it would be fruitless to seek the Government to forego the career criminal enhancements as to the VICAR counts. *Id*. Movant then states that he asked counsel to advise the Government he would consider a plea on count 4 if the Government would forego any enhancements and that if the Government would not accept this, then to negotiate a better deal if he could. *Id*. In his Objections, movant now argues that counsel was instructed by movant to accept the plea offer on the table if he could not negotiate a better deal. "But instead of following those instructions counsel allowed two weeks to pass and the government evidently assumed the negotiations were completed and withdrew the original plea offer, and movant was forced to go to trial." Objections, p. 3 (docket entry no. 27).

3

prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Movant has failed to establish deficient performance or prejudice pursuant to *Strickland* and, therefore, is not entitled to relief on this claim. 466 U.S. 668 (1984).

Movant finally contends the Magistrate Judge erred in finding no ineffective assistance of appellate counsel. With respect to this claim, movant argues his appellate counsel was ineffective as she did not raise the issue of movant being improperly designated as an Armed Career Criminal based on movant's three prior bank robbery convictions. Movant argues that under United States Sentencing Guideline (USSG) § 4A1.2(a)(2), prior sentences count as a single sentence if the sentences were imposed on the same day or the cases were consolidated for trial and sentencing. Movant avers that because his trial counsel objected to the enhancements, his appellate counsel should have also argued this point on appeal.

As outlined by the Magistrate Judge, Section 4A1.2 applies to the criminal history calculation. The ACCA only inquires whether there are three previous convictions for a violent felony that were committed on different occasions. 18 U.S.C. § 924(e)(1). Section 4A1.2 does not apply to the determination of whether the defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e). USSG § 4B1.4 n.1. Furthermore, it is well established in this circuit that "[m]ultiple convictions arising from the same judicial proceeding but separate criminal transactions constitute multiple convictions for purposes of § 924(e)." *United States v. White*, 465 F.3d 250, 253 (5th Cir. 2006) (quoting *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir. 1995)).

4

Appellate counsel is obligated to raise and brief only those issues that are believed to have the best chance of success. *Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003). The Court must presume movant's appelleate counsel made an informed decision that this argument would not prove fruitful given the Fifth Circuit case law to the contrary. *Walkerton v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy"), *cert. denied*, 509 U.S. 921 (1993). Movant's objections to this claim are overruled.

As to his remaining claims, movant states he "objects to the Magistrate's Recommendations concerning all remaining claims. Movant relies on the merit of his pleadings without further argument, and without concession of any right." Objections, pg. 12 (docket entry no. 27). Parties filing objections, however, must specifically identify those findings objected to. Frivolous, conclusive or general objections need not, and will not, be considered by this court. *See Nettles v. Wainwright*, 677 F.2d 404, n. 8 (5th Cir. 1982) (overruled on other grounds).

## ORDER

Accordingly, the objections of the movant are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

In addition, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial

of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the movant has not shown that the issues are subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Plano, Texas, this 12th day of September, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE